UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
)
v. )
) Criminal No. 96-0300 (PLF)
RICHARD SPINNER, )
)
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Richard Spinner's *pro se* motions to expunge and seal his criminal record. The government opposes the motions. Upon consideration of Mr. Spinner's motions, the government's opposition memoranda, and the relevant legal authorities, the Court will deny Mr. Spinner's motions.[1]

## I. BACKGROUND

Following a jury trial in February 1997, Mr. Spinner was convicted of (1) possession of a firearm by a convicted felon, and (2) possession of ammunition by a convicted felon, both in violation of 18 U.S.C. § 922(g)(1) (Counts One and Two); (3) possession of a semi-automatic assault weapon, in violation of 18 U.S.C. § 922(v)(1) (Count Three); (4) possession with intent to distribute cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Four); and (5) possession with intent to distribute cocaine, in

---

[1] Relevant papers reviewed by the Court with respect to this matter include: the Defendant's Motion to Expunge and Seal Criminal Record [Dkt. No. 15 in Criminal No. 96-0292 and Dkt. No. 91 in Criminal No. 96-0300] ("Mot. to Expunge") and Appendix A, which accompanies the motion; and the Government's Opposition to Defendant's Motion to Expunge Criminal Record [Dkt. No. 17 in Criminal No. 96-0292 and Dkt. No. 93 in Criminal No. 96-0300] ("Govt. Opp.").

violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Five).[2] The Court sentenced Mr. Spinner on Counts One, Two, Three, and Four and dismissed Count Five because it was a lesser-included offense of Count Four.

Mr. Spinner appealed and, in July 1998, the United States Court of Appeals for the District of Columbia Circuit reversed Mr. Spinner's conviction for possession of a semi-automatic assault weapon (Count Three) and reversed and remanded his conviction for possession with intent to distribute cocaine within 1,000 feet of a school (Count Four). United States v. Spinner, 152 F.3d 950, 962 (D.C. Cir. 1998). The remaining convictions for possession of a firearm by a convicted felon (Count One) and possession of ammunition by a convicted felon (Count Two) were affirmed. Id.

The Court resentenced Mr. Spinner on Count One and Count Two in October 1998; on the oral motion of the government, Counts Three and Four were dismissed. United States v. Spinner, 109 F. Supp. 2d 18, 19-20 (D.D.C. 2000), aff'd, 22 F. App'x 6 (D.C. Cir. 2001). Thus, of the five original counts, Mr. Spinner remains convicted only of possession of a firearm by a convicted felon and possession of ammunition by a convicted felon. Id.[3] The fact of his arrest and his indictment on all counts remains a matter of public record.

Mr. Spinner now requests that this Court expunge and seal his criminal record, which he says has interfered with his ability to obtain and retain employment. See Mot. to

---

[2] The original indictment was filed in Criminal No. 96-0292. A superseding indictment was filed in Criminal No. 96-0300, after which, on September 18, 1996, the Court dismissed the indictment in Criminal No. 96-0292 on the government's motion, and the case was closed.

[3] In October of 1999, Mr. Spinner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, and correct his sentence, but the Court denied this motion. United States v. Spinner, 109 F. Supp. 2d at 20-22.

2

Expunge App. A at 1.[4] Specifically, Mr. Spinner states that he is currently a welder and a member of the Iron Workers Trade Union and that expungement of his criminal record will allow him to gain a security clearance, which will "open doors for [him] to do [his] trade." Id. at 2. Mr. Spinner does not contest his guilt or any of the circumstances surrounding his arrest and conviction.

## II. DISCUSSION

The Court may order expungement where it is required or authorized by statute, or "in the exercise of [its] inherent equitable powers." Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979); see id. at 1230 n.8 ("The power to order expungement is a part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights."). When the Court exercises its inherent equitable power to order expungement of a record of arrest, it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." Id. at 1230 (footnotes omitted). And with respect to a record of conviction, the Court similarly will exercise its inherent equitable authority only when expungement is necessary "to vindicate substantial rights provided by statute [or] organic law." Id. at 1232 (quoting Menard v. Saxbe, 498 F.2d 1017, 1023 (D.C. Cir. 1974)) (internal quotation marks omitted).

"[A]bsent specific statutory authority" — and Mr. Spinner cites no such authority — "it would be wholly inappropriate to order . . . expungement in a case such as this," where there has been a valid arrest and indictment and, on some counts, a valid conviction. See Doe v. Webster, 606 F.2d at 1231. Moreover, Mr. Spinner has failed "to make the necessary showing

---

[4] Mr. Spinner moves to expunge and seal his criminal record in both Criminal No. 96-0292 and Criminal No. 96-0300. Because Mr. Spinner's motions and the government's opposition memoranda are identical in each case, this Court will consider the motions jointly.

for this Court to exercise its inherent, equitable expungement power." United States v. Archer, Criminal No. 07-0029 (PLF), 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting United States v. Wilson, No. 98-mj-0558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008)).

Mr. Spinner states that "many times [his] past criminal record has caused [his] termination or prevented [him] from obtaining jobs in [his] field." Mot. to Expunge App. A at 1. While it is true that a criminal record can be a "substantial barrier to employment," see Menard v. Saxbe, 498 F.2d at 1024, that bare generalization does not warrant the remedy of expungement of a record of arrest or conviction. See In re Reid, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) ("[W]hile this Circuit has long recognized the fact that a criminal record causes social disabilities, the harm of being unable to obtain employment is insufficient on its own [to justify expungement]." (citations omitted)); see also United States v. Baccous, No. 99-0596 DAR, 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) ("Defendant's concerns regarding his employment . . . are unquestionably valid; however, under existing law, they do not afford the court discretion to expunge his record.").

Mr. Spinner, who states that he has turned his life around in numerous ways since his release from prison, is to be commended for his positive growth and for his efforts to support his family. The Court is not unsympathetic to the present difficulties that he faces due to conduct committed years ago. But the law is clear that these difficulties do not constitute the sort of "extreme circumstances" that would justify granting Mr. Spinner's request for expungement of his criminal record. See United States v. Blackwell, Criminal Action No. 90-87 (RWR), 2014 WL 2446648, at *1 (D.D.C. May 30, 2014). Accordingly, the Court must deny his motions to expunge and seal his criminal record.

4

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Mr. Spinner's motions to expunge and seal his criminal record [Dkt. No. 15 in Criminal No. 96-0292 and Dkt. No. 91 in Criminal No. 96-0300] are DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 4, 2014